Matter of Patterson v City of New York (2019 NY Slip Op 04880)





Matter of Patterson v City of New York


2019 NY Slip Op 04880


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9647 100451/17

[*1]In re Allen Patterson, Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Daniel E. Dugan of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jane L. Gordon of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered August 23, 2018, which denied the petition to annul a determination of respondent City of New York Civil Service Commission, dated December 16, 2016, affirming a determination of the New York City Administration for Children's Services (ACS), dated September 22, 2016, terminating petitioner's employment for misconduct and incompetence, and to annul a determination of the Civil Service Commission, dated March 6, 2017, affirming a determination of the New York City Department of Citywide Administrative Services, dated October 6, 2016, disqualifying petitioner from employment with the New York City Taxi and Limousine Commission based on ACS's findings, denied petitioner's motion to amend the petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to establish that respondents acted in excess of their jurisdiction (see Civil Service Law § 76[1], [3]; Matter of Almanzar v City of N.Y. City Civ. Serv. Commn., 166 AD3d 522, 524 [1st Dept 2018]). Although petitioner submitted both a conditional resignation and a handwritten resignation letter while disciplinary charges were pending against him, ACS properly elected to disregard the resignation and continue to prosecute the charges against him (see 4 NYCRR 5.3[b]).
The proposed amended petition lacks merit (see generally Garcia v New York-Presbyt. Hosp., 114 AD3d 615 [1st Dept 2014]). Petitioner, a probationary employee of the Department of Finance, who could be dismissed for almost any reason, or no reason at all, failed to allege facts that would establish that he was dismissed in bad faith or for an improper or impermissible reason (see Matter of Castro v Schriro, 140 AD3d 644, 647 [1st Dept 2016], affd 29 NY3d 1005 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK